BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-04-0585-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 2, 2005


______________________________



WAYNETTA DEMETRIS ROBERSON,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;



NO. 3857; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Waynetta Demetris Roberson (appellant) appeals her conviction for possession of
a controlled substance. The clerk's record and supplemental record were filed on March
14, 2005, and the reporter's record was filed on January 13, 2005, and April 11, 2005. 
Thus, appellant's brief was due May 11, 2005. That date passed without appellant filing
a brief, however. So, on May 20, 2005, this court notified appellant that neither the brief
nor an extension of time to file it had been received by the court. Appellant was also
admonished that if he did not respond to the court's letter by May 31, 2005, the appeal
would be abated to the trial court. No response or brief has been received by the court.

 Consequently, we abate this appeal and remand the cause to the 31st District Court
of Wheeler County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L.
Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled
to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeal. The name, address, phone number, telefax
number, and state bar number of the new counsel, if any, who will represent appellant on
appeal must also be included in the court's findings of fact and conclusions of law. 
Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's
record containing the findings of fact and conclusions of law and 2) a reporter's record
transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's record to be filed with the
clerk of this court on or before July 1, 2005. Should additional time be needed to perform
these tasks, the trial court may request same on or before July 1, 2005.

 It is so ordered.


 Per Curiam

Do not publish.



 Paragraph Font"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0367-CR

                                                         NO. 07-10-0368-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
13, 2011

 



 

CARLOS ENRIQUE VIGIL,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 57173-C & 57174-C; HONORABLE
ANA ESTEVEZ, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Carlos Enrique
Vigil (appellant)
appeals his convictions for aggravated sexual assault of a child and sexual
assault of a child, both offenses enhanced. 
Before us is appointed counsels motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit. 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counsels belief that there was no reversible error
and of appellants right to file a response pro se.  By letter dated May 4, 2011, this court also
notified appellant of his right to tender his own response and set June 3,
2011, as the deadline to do so.  To date,
no response has been filed.   

            In
compliance with the principles enunciated in Anders, appellate counsel
discussed two potential areas for appeal. 
They included 1) the sufficiency of the evidence, and 2) the cumulation of sentences. 
However, counsel then proceeded to explain why none of the issues
required reversal on appeal.

            In
addition, we conducted our own review of the record to assess the accuracy of
appellate counsels conclusions and to uncover any reversible error pursuant to
Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).  After doing so, we concur with those
conclusions.  

            Accordingly,
the motion to withdraw is granted, and the judgments are affirmed.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not
publish.  

 

 

 











[1]See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).